### ANDERSON *v.* MONTGOMERY.

The notice required by the code, §4059, not having been given until after the term to which the *certiorari* was returnable, a dismissal was the proper result. That the magistrate was not served in time to answer at that term and was allowed until the following term to do so, and that the notice to the defendant in *certiorari* was given between the two terms, will not save the case.

December 2, 1889.

*Certiorari.* Notice. Practice. Before Judge WELL-BORN. Lumpkin superior court. April term, 1889.

WIER BOYD, by brief, for plaintiff in error.

PRICE & CHARTERS, by brief, *contra.*

SIMMONS, Justice.

Montgomery brought an action for forcible entry and detainer, in a magistrate's court, against Anderson. The jury found in Montgomery's favor. Anderson sued out a *certiorari* returnable to the October term, 1888, of Lumpkin superior court. The writ was sanctioned by the judge on the 14th of May, and on the 20th of May the writ was issued by the clerk. It was not served by the sheriff until October 13th, 1888. At the October term, 1888, the judge of the superior court passed an order reciting that the service upon the magistrate had not been made in time, and requiring the sheriff to serve him in time to answer at the next term. The service was made, and the magistrate answered at the next April term, 1889. When the case came on to be heard, a motion was made by the defendant in *certiorari* to dismiss the same, because the notice required by law to be given the defendant was not in time. This motion was granted, and the plaintiff excepted.

The code, §4059, requires that "the plaintiff in *certiorari* shall cause written notice to be given to the opposite party in interest, his agent or attorney, of the sanction of the writ of *certiorari*, and also the time and place of hearing, at least ten days before the sitting of the court to which the same shall be returnable, and in default of such notice (unless prevented by unavoidable cause) the *certiorari* shall be dismissed." This *certiorari* was made returnable by law to the October term, 1888, of the superior court. The notice required by this section should have been given at least ten days before that term; but the record shows that it was not given until some months thereafter, to-wit, in January, 1889. We think, therefore, that the court did right in dismissing the *certiorari*. It was contended by counsel for the plaintiff in error that as the magistrate was not served in time to answer at the October term, and as by the order of the court he was given until the April term to be served and to answer, the notice to the defendant in *certiorari* was in time; that it was given ten days before the April term, 1889. Under the law governing applications for *certiorari*, there are two notices to be given. The magistrate must have notice fifteen days before the term of the superior court, and he is to receive that notice by service upon him of the writ of *certiorari* together with the petition. The defendant in *certiorari* must have written notice of the sanction of the writ, and the time and place of hearing, at least ten days before the sitting of the court to which the *certiorari* is returnable. The fact that the sheriff fails to serve the magistrate with the writ and petition will not excuse the plaintiff in *certiorari* from giving the defendant the notice required by law. The law places this duty upon him, and if he neglects it, the penalty it puts upon him is a dismissal of his case.

*Judgment affirmed.*